UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00246-FDW-DSC

| ELECTROLUX HOME PRODUCTS, INC. and KX TECHNOLOGIES, LLC, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| NATIONAL TRADE SUPPLY, LLC, | ) ) ) | |
| Defendant. | ) ) | |

THIS MATTER is before the Court on Defendant National Trade Supply, LLC's ("**NTS**") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. No. 13) filed on June 29, 2021, and Plaintiffs' Motion to Sever and Transfer, or for Leave to File an Amended Complaint (Doc. No. 19), filed on July 28, 2021. These Motions are now ripe for review. For the reasons set forth below, Plaintiffs' Motion to Sever and Transfer, or for Leave to File an Amended Complaint (Doc. No. 19) is GRANTED IN PART to the extent it seeks leave to file an amended complaint and is DENIED IN PART to the extent it seeks to sever and transfer the patent infringement claims. Defendant's Motion to Dismiss (Doc. No. 13) is DENIED AS MOOT without prejudice.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule 15 further provides, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

1

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182). The Fourth Circuit's policy is to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)).

After a thorough review of the parties' pleadings, the Court is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. Plaintiffs are cautioned, however, that **no further amendments to the complaint are likely to be allowed absent extraordinary circumstances.**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Sever and Transfer, or for Leave to File an Amended Complaint (Doc. No. 19) is GRANTED IN PART to the extent it seeks leave to file an amended complaint and DENIED IN PART to the extent it seeks to sever and transfer the patent infringement claims. Defendant's Motion to Dismiss (Doc. No. 13) is DENIED AS MOOT without prejudice. **Plaintiffs will have seven (7) days from the date of this Order's entry, up to and including December 14, 2021, to file their amended complaint.**

IT IS SO ORDERED.

Signed: December 7, 2021

_____
Frank D. Whitney
United States District Judge